

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00563-CV

**Interest of T.C.J.**, K.A.A., Children

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2020PA02461
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
                Beth Watkins, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: May 25, 2022

AFFIRMED

Mom appeals the trial court's order terminating her parental rights to her children, T.C.J. and K.A.A.[1] Her court-appointed counsel filed an *Anders* brief. Mom submitted no response on her own behalf. Because there are no arguable grounds for review or reversible error, we affirm the trial court's order.

### BACKGROUND

T.C.J. tested positive for methamphetamine when he was born. Nearly one year later, Mom gave birth to K.A.A. in jail. T.C.J. was placed with his paternal aunt, and K.A.A. was placed with

---

[1] We refer to Appellant and the children using aliases. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8.

his paternal grandparents.  Both children bonded with their family members and were being well cared for at the time of Mom's trial.[2]

Over the course of Mom's case, Mom did not stay in touch with her caseworker, and she did not attempt to visit with her children.  She did not engage with services, nor did she complete any.  At the time of trial, Mom stated that she was no longer with K.A.A.'s dad, and she was ready to work on services.  However, the trial court did not view Mom's life circumstances as extraordinary circumstances warranting an extension of time in the case.  Therefore, in the interests of permanency and finality for the children, the trial court granted Mom no extra time to work on her case with the Department.  It also found that it was in the children's best interests to terminate Mom's rights based on subsections (N) (constructive abandonment) and (O) (failure to complete court-ordered services) of Texas Family Code section 161.001(b)(1).

At the time of trial, T.C.J. and K.A.A. were living with family and doing well.  After the trial court heard the evidence in Mom's case, it terminated her parental rights based on her lack of engagement in the case to regain custody of her children.

### ANDERS BRIEF

Mom's court-appointed counsel filed a brief containing a professional evaluation of the record and a motion to withdraw.  The brief recites the relevant facts and procedural background, including brief summaries of the hearings, the status reports, and trial court rulings.  The brief summarizes witnesses' testimony which includes ample evidence supporting the trial court's findings.  The brief concludes there are no arguable grounds to reverse the termination order.  The brief satisfies the requirements of *Anders v. California*, 386 U.S. 738 (1967).  *See In re P.M.*, 520 S.W.3d 24, 27 n.10 (Tex. 2016) (per curiam) (applying *Anders* procedures to parental rights

---

[2] The dads' parental rights were also at issue during the trial, but this appeal only concerns Mom, and we only recite the facts related to her case.

termination cases). The record shows counsel sent a copy of the *Anders* brief, the motion to withdraw, and a form to request a free copy of the appellate record to Mom's last known address. Counsel thereby advised Mom of her right to review the record and file her own brief. We ordered Mom to file her pro se brief, if any, not later than March 15, 2022. This court received no brief, motion, or correspondence from Mom. The court's order was returned in the mail. *See In re Schulman*, 252 S.W.3d 403, 408 n.21 (Tex. Crim. App. 2008) ("A defendant who fails to keep his attorney informed of his current address forfeits the right to receive a copy of the *Anders* brief and the right to file a pro se brief.").

Having carefully reviewed the record and counsel's brief, we conclude the evidence was legally and factually sufficient to support the trial court's findings by clear and convincing evidence. We further conclude that there are no plausible grounds to reverse the termination order. We affirm the trial court's order.

### MOTION TO WITHDRAW

In her motion to withdraw, court-appointed appellate counsel cites the fact that Mom's appeal is frivolous and without merit. However, counsel's duty to Mom is not yet complete. *See* TEX. FAM. CODE ANN. § 107.016(2); TEX. R. CIV. P. 10; *In re A.M.*, 495 S.W.3d 573, 583 (Tex. App.—Houston [1st Dist.] 2016, pet. denied) ("If the mother wishes to pursue an appeal to the Supreme Court of Texas, 'appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief.'") (quoting *In re P.M.*, 520 S.W.3d at 27–28). The motion to withdraw is denied.

Patricia O. Alvarez, Justice